IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHARON PRATT,                           :

    Plaintiff,                      :
vs.                                             CA 04-00657-P-C
                                       :
JO ANNE B. BARNHART,
Commissioner of Social Security,        :

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits and supplemental security income. This action is before the Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the May 4, 2005 hearing before the Magistrate Judge, it is recommended that the decision to deny benefits be reversed and remanded for further proceedings not inconsistent with this decision.

Plaintiff alleges disability due to lumbar degenerative joint disease,

plantar facites, carpal tunnel syndrome on the left, and depressive/anxiety disorder. The Administrative Law Judge (ALJ) made the following relevant findings:

> 5. The claimant had the following "severe" medically-determinable impairments during the period of adjudication: possible lumbar degenerative joint disease; possible plantar facites/tendonitis versus gouty arthritis; possible carpal tunnel syndrome on the left; and depressive/anxiety disorder.
>
> 6. The claimant alleged esophogeal reflux, one functioning kidney, and headaches as "severe" conditions, but the same were not established as entailing significant work-related limitations of record resulting from medically-determinable impairment(s) for a continuous period of 12 months during the period of adjudication.
>
> 7. No single medically-determinable impairment, or combination thereof, had the specific or equivalent severity of medical findings necessary to establish presumptive disability under the evaluative standards found in Appendix 1 of the Regulations during the period of adjudication.
>
> 8. The claimant's testimony of subjective complaints and functional limitations, where inconsistent with the residual functional capacity of this decision, was not supported by the evidence as a whole in the disabling degree alleged and therefore lacked credibility.
>
> 9. During the period of adjudication, the claimant retained the physical residual functional capacity for a partial range of light work and a full range of sedentary exertion (as detailed herein from Dr. Bass' evaluation in Exhibit 12F, page 4 in terms of function-by-function work capacities) that would not involve more than frequent handling and fingering with the nondominant left hand, and further retained the mental residual functional capacity for at least unskilled work tasks. This work capacity was

not prohibited or significantly altered by continuous 12-month periods of impairment exacerbation during the period of adjudication.

10. During the period of adjudication, the claimant presumably was unable to perform any category of her past relevant work.

11. The claimant was a "younger individual" during the period of adjudication.

12. The claimant had a "limited" level of education during the period of adjudication.

13. During the period of adjudication, the transferability of past acquired work skills under the Medical-Vocational Guidelines was immaterial to the outcome of this case.

14. Considering the claimant's vocational factors and residual functional capacity, vocational rules 202.18, 202.19, 201.25 and 201.26 of the Medical-Vocational Guidelines (Appendix 2) provided a framework for decision making within the period of adjudication. Within that framework, it is concluded that the claimant was able to perform representative occupations existing in significant numbers in the national and regional economies during the period of adjudication, as illustrated by the testimony of an impartial vocational expert.

15. The claimant was <u>not</u> under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

(Tr. 33-34) The Appeals Council affirmed the ALJ's decision (Tr. 6-8) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that

she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id.* at 1005.  Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform a reduced range of light and sedentary work activity as identified by the vocational expert, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

1986). [1]

Plaintiff claims that the ALJ committed the following errors: (1) he erred in finding her not disabled under the framework of the grids; (2) he erred in finding she can perform work as an assembler, machine feeder, and sorter; (3) he erred in giving controlling weight to the examination conducted by the state-agency psychologist as opposed to that of Dr. Michael S. Rosenbaum, an examining psychologist; and (4) he erred in failing to evaluate her mental impairment in the manner prescribed in 20 C.F.R. §§ 404.1520a and 416.920a. Because the ALJ failed to evaluate Pratt's severe mental impairment, that is, depressive/anxiety disorder, in the manner prescribed by the Commissioner's own regulations, this Court need not reach the remaining issues raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

The remand of this case for further proceedings is mandated by *Moore v. Barnhart*, 2005 WL 831674 (11th Cir. 2005). The Eleventh Circuit held in *Moore* that "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF,

---

[1] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987).

5

append it to the decision, or incorporate its mode of analysis into his findings and conclusions[,]" and that the "[f]ailure to do so requires remand." *Id*. at *5 (citations omitted). Here, there can be no doubt that plaintiff has a colorable claim of a mental impairment inasmuch as the ALJ specifically determined that one of Pratt's severe impairments is depressive/anxiety disorder. *Compare* Tr. 33, Finding No. 5 (finding plaintiff's depressive/anxiety disorder to be a severe impairment) *with Moore, supra*, at *1 (DIB application based upon numerous impairments, including depression). Accordingly, the ALJ in this case, like in *Moore*, was required to complete a PRTF or, otherwise, incorporate the PRTF's mode of analysis into his findings and conclusions. *Moore*, at *5. Such mode of analysis, or special technique, "requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: 'activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.'" *Moore*, *supra*, at *4, quoting 20 C.F.R. § 404.1520a-(c)(3-4).

In this case, no PRTF was appended to the ALJ's decision nor did the ALJ incorporate into his decision the special technique set forth in the regulations at §§ 404.1520a and 416.920a. (*See* Tr. 18-34) More specifically, the ALJ's decision does not contain separate evaluations, on a four-point scale, of how plaintiff's mental impairment of depressive/anxiety disorder impacts the

following four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. (*Id.*)

Although the defendant concedes that the ALJ did not incorporate the special technique into his decision, she contends that because Dr. Davis' RFC assessment articulates the severity of plaintiff's mental impairment and the ALJ "<u>expressly</u> concurred with and relied upon this assessment in rendering his decision[,]" the ALJ's decision denying benefits should be affirmed. (Doc. 14, at 21 (emphasis in original)) Such argument, however, is akin to the harmless error argument rejected by the *Moore* panel, *see* 2005 WL 831674, at *4 ("On appeal, the Commissioner concedes (as she must) that the ALJ erred in not completing the PRTF or complying with its mode of analysis. The Commissioner argues, however, that remand is unnecessary as it would require no more than the ALJ's rote completion of the PRTF. We cannot agree. The ALJ failed to even analyze or document Moore['s] condition in two of the PRTF's functional areas: social functioning and prior episodes of decompensation. Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to Moore's RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless."), and, therefore, must be rejected as well. Here, in fact, the ALJ's analysis is even more lacking than in *Moore* because that ALJ nowhere analyzes or documents

7

Pratt's condition in any of the four PRTF functional areas. The Commissioner's argument that the ALJ "expressly" relied upon Davis' RFC assessment and that assessment performs such analysis is lacking in at least two respects. First, the ALJ does not "expressly" rely upon Davis' RFC assessment; instead, the ALJ morphed together the diagnoses of Drs. Davis and Rosenbaum and concluded that "[a]lthough the limitations described by Dr. Davis would support a conclusion that the claimant has not had 'severe' limitations secondary to any mental or emotional impairment, resolving all doubts in favor of the claimant, and specifically noting that Dr. Davis identified mild limitations in some areas of mental functioning, the Administrative Law Judge finds that claimant has been limited to unskilled work activities because of mild depressive/anxiety disorder." (Tr. 30) Inasmuch as Dr. Davis' evaluation does not take account of plaintiff's anxiety symptoms and that portion of the RFC assessment putatively "expressly" relied upon by the ALJ does not fall within the four PRTF functional areas described above, the undersigned finds the Commissioner's argument in this regard lacking. Second, even if this Court was inclined to agree with the Commissioner's argument in this regard, remand would still be in order because the RFC assessment performed by Dr. Davis does not analyze or document plaintiff's condition in the functional area of prior episodes of decompensation. *See Moore, supra*, at *4.

In light of the foregoing, the undersigned recommends that this case be remanded to the Commissioner of Social Security for further consideration in light of *Moore v. Barnhart,* 2005 WL 831674 (11th Cir. 2005).

## CONCLUSION

The Magistrate Judge recommends the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 9th day of May, 2005.

 s/WILLIAM E. CASSADY  
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                  s/WILLIAM E. CASSADY
                                                  UNITED STATES MAGISTRATE JUDGE